# Exhibit 9

# Hughes Hubbard & Reed

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

March 5, 2020

*VIA EMAIL*

Laura A. Meaden, Esq.
Jones Day
500 Grant St., Ste. 3500
Pittsburgh, PA 15219
lameaden@jonesday.com

Re:     *Allen, et al. v. American Cyanamid Co., et al.*, 11-cv-00055 (E.D. Wis.),
        *Trammell, et al., v. American Cyanamid, et al.*, 14-cv-1423 (E.D. Wis.),

        Non-party Subpoenas Issued by The Sherwin-Williams Company to Eagle-
        Picher Industries Personal Injury Settlement Trust

Dear Ms. Meaden:

        This firm represents the Eagle-Picher Industries, Inc. Personal Injury Settlement Trust (the "EPI Trust").  We write regarding the Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated February 13, 2020 (the "Document Subpoena") and Subpoena to Testify at a Deposition in a Civil Action dated February 13, 2020 (the "Deposition Subpoena," together with the Document Subpoena, the "Subpoenas") issued by The Sherwin-Williams Company ("Sherwin") in the above-referenced proceedings.

        The EPI Trust is compelled to object to the discovery requested in the Subpoenas in its entirety for the following reasons.

        *First*, the Subpoenas seek information related to lead personal injury cases that Sherwin is defending in the white lead carbonate pigment ("WLC") litigation currently pending in the United States District Court for the Eastern District of Wisconsin (the "Wisconsin District Court").  Our understanding is that the Wisconsin WLC litigation has been going on for nearly 15 years, and that at least two trials have already been held.  As you know, Sherwin's written motion sought "leave to depose paint manufacturers, distributors, and retailers that marketed WLC or WLC-containing products in Milwaukee."  Based on our review of the January 7, 2020 transcript, where the parties discussed with the Wisconsin District Court whether additional discovery of non-parties could be sought in connection with two more cases set for trial, it appears that Sherwin named "Eagle Picher" as one of several third parties from which Sherwin requested leave to seek a deposition.  Specifically, Sherwin named "Eagle Picher" as one of

"three other paint manufactures [*sic*] that [Sherwin] would like to seek discovery from."  (Tr. of Oral Dec., *Allen v. Am. Cyanamid Co.*, Case No. 11-cv-0055 (E.D. Wis. Jan. 7, 2020) at 14.)

To be clear, however, the entity on which Sherwin served the Subpoenas is not an ongoing manufacturer, distributor, or retailed of paint, paint products, or pigments, and has not been one for many, many years.  While we understand and respect that the Wisconsin District Court granted Sherwin leave to seek certain nonparty depositions, including a potential deposition of "Eagle-Picher," our review of the relevant filings, transcript, and orders indicates that the Wisconsin District Court did not consider any facts or circumstances specific to the EPI Trust.  In particular, the court does not appear to have considered the fact that the EPI Trust is just that—a personal injury settlement trust created under Section 524(g) of the Bankruptcy Code—rather than an ongoing manufacturer.

The EPI Trust is a bankruptcy trust that was created more than 20 years ago and has no current employees who might testify to percipient facts.  And while the issue of additional depositions was discussed with the Wisconsin District Court, discovery requests such as Sherwin's may only properly be put before the United States Bankruptcy Court for the Southern District of Ohio, Western Division (the "Bankruptcy Court"), which has original *and exclusive* jurisdiction over all matters involving the EPI Trust.  The EPI Trust was established by a joint Order of the United States District Court for the Southern District of Ohio and the Bankruptcy Court.  Specifically, on November 18, 1996, Judge Burton Perlman of the Bankruptcy Court entered an Order on Confirmation of Plan confirming the EPI Trust's Third Amended Consolidated Plan of Reorganization (the "Plan").  *In re Eagle-Picher Industries, Inc., et al.*, Consolidated Case No. 1-91-00100 (Bankr. S.D. Ohio) (the "Order").  The Order states that the "Bankruptcy Court retains jurisdiction over, and if the Bankruptcy Court exercises its retained jurisdiction, shall have exclusive jurisdiction over, all matters arising out of or related to . . . the Plan or otherwise enumerated in Article 9 of the Plan."  The Order also states that the Bankruptcy Court retains exclusive jurisdiction to "hear and determine any proceeding that involves the validity, application, construction, enforceability, or modification of the . . . Lead PI Permanent Channeling Injunction."  As the Illinois District Court held in *Martin v. Holloran*, No. 10 C 2272, Doc. No. 26 (N.D. Ill. June 22, 2010), the Bankruptcy Court "retained and [has] exclusive jurisdiction over [(1)] any matter . . . that relates to . . . [Lead] Personal Injury Claims," as well as (2) "to hear and determine all controversies, suits, and disputes that may relate to, impact upon, or arise in connection with the Plan . . . ."

*Second*, the EPI Trust, as a bankruptcy trust that has existed for more than 20 years, does not understand how discovery from it could potentially be relevant to the issues in the WLC litigation.  The EPI Trust understands that Sherwin believes that information responsive to the Subpoenas is relevant to determinations of defendants' liability and allocation plaintiffs' damages in the above-referenced matters under the "risk contribution theory."  The Wisconsin Supreme Court has made clear, however, that risk contribution liability extends only to *named defendants*.  *See Collins v. Eli Lilly Co.*, 342 N.W.2d 37, 53 (Wis. 1984) (risk contribution permits the jury "to assign liability and apportion damages *among the liable defendants*") (emphasis added)); *Thomas v. Mallet*, 701 N.W.2d 253, 551 (Wis. 2005) (same (quoting *Collins*, 342 N.W.2d at 53)); *see also Burton v. Am. Cyanamid Co.*, 407 F. Supp. 3d 786, 791 (E.D. Wis. 2019) ("evidence of [settling party] National Lead's role in the Milwaukee market" excluded from liability phase of trial "because such evidence was relevant only to allocation and not to the liability of the non-settled defendants").  If Sherwin or another defendant wants to allocate a portion of liability to a non-party, Sherwin or the other party must

implead that non-party and make them a defendant. *See Collins*, 342 N.W.2d at 53. *However, the EPI Trust is not a party to the above-referenced matters, and, pursuant to the Bankruptcy Court's injunction, neither Sherwin nor any other party can implead the EPI Trust to join the EPI Trust as a defendant.* The Bankruptcy Court's Order held that Eagle-Picher Industries, Inc. was fully and finally discharged from all claims, liabilities, and obligations relating to lead personal injury matters, and that all such claims were channeled the EPI Trust to be solely resolved pursuant to the EPI Trust's claims resolution procedures. The Order also contains a permanent injunction enjoining, among other things, the commencing, conducting, or continuing of any lawsuit against the EPI Trust on any lead-related claim, including a claim for contribution. Thus, any information that the EPI Trust may have regarding Eagle-Picher Industries, Inc.'s manufacture of white lead carbonate pigment is irrelevant to the above-referenced matters, and Sherwin's Subpoenas do not meet the requirements of Rule 26(b)(1). Further, even if Sherwin does not implead the EPI Trust, Sherwin's proposal to use discovery obtained from the EPI Trust to establish the EPI Trust's liability for plaintiffs' injuries, or to allocate a portion of plaintiffs' damages to the EPI Trust, would violate the permanent injunction. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009); *see also In re W.R. Grace & Co.*, No. 12-1521, 2013 WL 4734030 (3d Cir. Sept. 4, 2013)

*Third*, the Subpoenas seek discovery far in excess of what was discussed with the Wisconsin District Court. The Wisconsin District Court only granted leave for Sherwin to seek a Rule 30(b)(6) deposition of "Eagle-Picher." The court did not grant Sherwin leave to take a deposition regarding 22 topics, with respect to most of which Sherwin asserts that the relevant time period is 1867 to 1978—*i.e.*, more than 100 years long, but ending more than 40 years ago. The EPI Trust is not Eagle-Picher Industries, Inc., and the EPI Trust does not employ anyone who could possibly testify regarding most of the 22 topics.

Furthermore, the court did not grant Sherwin leave to serve *any* document requests at all, let alone for Sherwin to seek 32 categories of documents again from a more than 100-year period. The EPI Trust does not have any set of responsive documents that the EPI Trust could readily produce to Sherwin on anything approaching the time frame the Document Subpoena requires.

*Finally*, the Trust further objects to the Subpoenas pursuant to Federal Rule of Civil Procedure 45 and other applicable law, including, without limitation, for the reasons stated in Appendices A and B hereto.

\*       \*       \*

The EPI Trust's responses to the Subpoenas shall not evidence a waiver of any rights or remedies available to it, including, without limitation, any objection to the Subpoenas, whether previously asserted or not yet asserted by the EPI Trust. Nor shall the EPI Trust's responses to the Subpoenas evidence a consent by the Trust to the jurisdiction of the court for the above-referenced proceeding or the court in the place of purported compliance on any matters as to which such waiver or consent is or may be relevant. The EPI Trust expressly reserves the right to amend, expand, or delete any part of the objections stated herein. In making the above objections, the EPI Trust does not suggest or imply in any way that it has information or documents responsive to the Subpoenas or any particular request therein.

In view of the above objections, the EPI Trust will not produce documents on March 18, 2020 or appear for a deposition on March 30, 2020.  We are willing to confer with you regarding the EPI Trust's responses and objections to the Subpoenas.  However, we do wish to make clear that any further activities regarding the EPI Trust addressed to any courts, including motions to compel discovery from it, must be made to the Bankruptcy Court that retains exclusive jurisdiction over matters relating to the EPI Trust, not to the court where Sherwin is facing active litigation against it.

Sincerely,

/s Carl W. Mills

Carl W. Mills

## APPENDIX A

## GENERAL OBJECTIONS

1.      The EPI Trust objects to the Document Subpoena as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs to the case, and to the extent that Sherwin has failed to take reasonable steps to avoid imposing undue burden or expense on the EPI Trust, in violation of Federal Rule of Civil Procedure 45(d)(1).  Any attempt to comply with the Document Subpoena requests would require the EPI Trust to search and review an unreasonably voluminous quantity of documents and electronically stored information.

2.      The EPI Trust objects to the extent that the Document Subpoena purports to require the production of materials that are protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes or limits production or disclosure of information therein.

3.      The EPI Trust objects to the extent that the Document Subpoena calls for the production of trade secrets or proprietary work product of the EPI Trust, including, without limitation, data from proprietary databases created and maintained by the EPI Trust.

4.      The EPI Trust objects to the extent that the Document Subpoena calls for the production of proprietary or other materials that do not belong to the EPI Trust, including to the extent that it seeks to compel the EPI Trust to produce materials that are confidential and/or the property of the EPI Trust's claimants and beneficiaries.

5.      The EPI Trust objects to producing the materials sought by the Document Subpoena in the absence of a suitable confidentiality agreement.

6.      The EPI Trust objects to producing the materials sought by the Document Subpoena in the absence of Sherwin's prior written commitment to pay for all reasonable costs of appearance and production, including, without limitation, professional fees.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The EPI Trust specifically objects to the Definitions in the Document Subpoena as follows:

1.      The EPI Trust objects to the Document Subpoena's definitions and instructions to the extent that they (i) render the Document Subpoena's document requests overly broad or unduly burdensome, and (ii) purport to impose obligations or requirements on the EPI Trust beyond those set forth in the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Southern District of Ohio, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Southern District of Ohio, or other applicable law.

2.      The EPI Trust objects to the Document Subpoena's definitions of "Eagle-Picher," "Eagle White Lead," "Picher Lead," and "Hammer Brothers" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case.  Among other things, the Document Subpoena improperly defines these terms to include all "employees … past and present" of each entity.

3.      The EPI Trust objects to the Document Subpoena's definitions of "Residential Use" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case.  Among other things, the Document Subpoena defines the term "Residential Use" to include "products that were or could have been used on any building to house people."

4.      The EPI Trust objects to the Document Subpoena's definition of "Documents" to the extent that any responsive documents, if they exist, belong to the EPI Trust's claimants and beneficiaries.

5.      The EPI Trust objects to the Document Subpoena's definition of "Promotion," "Promoted," Promoting," and "Promotional" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case.

6.      The EPI Trust objects to the Document Subpoena's definition of the time period encompassed by the requests, January 1, 1867 through December 31, 1978, because it renders the Document Subpoena's requests overly broad or unduly burdensome, and not proportional to the needs of the case.

7.      The EPI Trust objects to instruction 15 in the Document Subpoena regarding documents that have been destroyed, lost, misplaced, or are otherwise missing, as unduly burdensome.

8.      The EPI Trust objects to the extent that the Document Subpoena's definitions and instructions improperly attempt to expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Southern District of Ohio, and the local rules of the United States Bankruptcy Court for the Southern District of Ohio.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

The EPI Trust objects to each of the Document Subpoena's individual requests for production as follows:

**Request for Production No. 1**:

Documents sufficient to describe the terms of the merger of Eagle White Lead and Picher Lead.

**Objection to Request for Production No. 1**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 1 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 1 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 1 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 2**:

Documents sufficient to describe the terms of Eagle-Picher's acquisition of any interest in entities that manufactured, Promoted, or sold white lead carbonate pigment and the dates of production and marketing of such products.

**Objections to Request for Production No. 2**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 2 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 2 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 2 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 3**:

Documents sufficient to identify all products for Residential Use manufactured, Promoted, or sold by Eagle-Picher that contained any white lead carbonate pigment and the dates of production and marketing of such products.

**Objections to Request for Production No. 3**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 3 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 3 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 3 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 4:**

Documents sufficient to describe the differences among the white lead pigments produced or used by Eagle-Picher in products for Residential Use.

**Objections to Request for Production No. 4:**

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 4 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 4 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 4 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 4 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the term "used."

**Request for Production No. 5**:

Documents sufficient to identify the formulae, chemical composition and properties for all white lead carbonate pigments manufactured, sold, or Promoted by Eagle-Picher.

**Objections to Request for Production No. 5**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 5 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 5 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 5 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 5 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the term "properties."

**Request for Production No. 6**:

Documents sufficient to identify the formulae and chemical composition for all products manufactured, Promoted, or sold by Eagle-Picher for Residential Use that contained any white lead carbonate pigment.

**Objections to Request for Production No. 6**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 6 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 6 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 6 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 7**:

All labels and brochures for white lead carbonate pigments manufactured, Promoted, sold or used by Eagle-Picher

**Objections to Request for Production No. 7**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 7 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 7 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 7 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 7 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "labels" or "brochures."

**Request for Production No. 8**:

All labels and brochures for lead-containing paints for Residential Use manufactured, sold, or Promoted by Eagle-Picher.

**Objections to Request for Production No. 8**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 8 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 8 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 8 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 8 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "labels" or "brochures."

**Request for Production No. 9**:

Documents sufficient to describe or reflect Eagle-Picher's involvement or participation in Wisconsin and Milwaukee, WI painter or paint associations, including without limitation the Wisconsin State Association of Master House Painters and Decorators and the Milwaukee Paint, Oil and Varnish Club.

**Objections to Request for Production No. 9**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 9 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 9 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 9 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 9 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "painter or paint associations" or "involvement or participation."

**Request for Production No. 10**:

Documents received by Eagle-Picher from or in connection with its involvement or participation in Wisconsin or Milwaukee, WI paint or paint associations, including without limitation agendas, minutes, or reports, surveys or studies generated by such associations.

**Objections to Request for Production No. 10**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 10 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 10 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 10 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 10 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "painter or paint associations" or "involvement or participation."

**Request for Production No. 11**:

Documents sufficient to describe or reflect Eagle-Picher's involvement or participation in the National Paint, Varnish and Lacquer Association or the National Paint and Coatings Association (collectively the "NPVLA") and any campaigns, committees or subcommittees thereof.

**Objections to Request for Production No. 11**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 11 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 11 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 11 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 11 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the term "involvement or participation."

**Request for Production No. 12**:

Documents sufficient to describe or reflect Eagle-Picher's involvement or participation in the Lead Industries Association, the International Lead Zinc Research Organization, or any other organization of companies making, selling, or Promoting lead products, and any campaigns, committees or subcommittees thereof, including without limitation documents sufficient to reflect dues or contributions paid by Eagle-Picher.

**Objections to Request for Production No. 12**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 12 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 12 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 12 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 12 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the term "campaigns."

**Request for Production No. 13**:

Documents sufficient to identify all lead pigments or products for Residential Use produced by Eagle-Picher containing any white lead carbonate pigment that were Promoted or sold in Milwaukee, WI.

**Objections to Request for Production No. 13**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 13 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 13 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 13 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are

not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 14**:

Documents sufficient to identify all sales of white lead carbonate pigment produced by Eagle-Picher to any paint manufacturer that sold or Promoted paint for Residential Use in Milwaukee, WI that contained any white lead carbonate pigment.

**Objections to Request for Production No. 14**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 14 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 14 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 14 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 15**:

Marketing, advertisements or other Promotional materials, including without limitation price lists, sales catalogs, and sales manuals, used or distributed nationally or in Milwaukee, WI reflecting white lead carbonate pigments or products for Residential Use produced, Promoted, or sold by Eagle-Picher that contained white lead carbonate pigment.

**Objections to Request for Production No. 15**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 15 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 15 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 15 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 16**:

Documents sufficient to identify the names, addresses, and dates of operation of all offices, stores, warehouses, sales outlets, dealers, retailers, suppliers, or distribution outlets in Milwaukee, WI for white lead carbonate pigment produced, Promoted or sold by Eagle-Picher.

**Objections to Request for Production No. 16**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 16 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 16 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 16 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 17**:

Manuals or other literature used for training on sales, Promotion, or distribution of white lead carbonate pigments or products for Residential Use produced, Promoted or sold by Eagle-Picher that contained white lead carbonate.

**Objections to Request for Production No. 17**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 17 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 17 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 17 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 17 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "manuals" or "literature."

**Request for Production No. 18**:

Documents sufficient to identify Eagle-Picher's share of the national, Wisconsin, and Milwaukee, WI markets for white lead carbonate pigment and products containing white lead carbonate pigment for every year between 1867 and 1978.

**Objections to Request for Production No. 18**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 18 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 18 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 18 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 18 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the term "markets."

**Request for Production No. 19**:

Documents sufficient to identify any lead-related warnings given or considered by Eagle-Picher for any product.

**Objections to Request for Production No. 19**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 19 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 19 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 19 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 20**:

Communications between Eagle-Picher and any federal, state or local government official(s) regarding recommendations or specifications for white lead carbonate pigment or

products containing white lead carbonate pigment for Residential Use, including without limitation communications regarding health risks of such products.

**Objections to Request for Production No. 20**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 20 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 20 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 20 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 20 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "official(s)," "recommendations," or "specifications."

**Request for Production No. 21**:

Documents reflecting, referring or relating to research or testing regarding the performance, properties, or safety of white lead carbonate pigment and products containing any white lead carbonate pigment for Residential Use, including without limitation any such research or testing comparing the performance, properties, or safety of white lead carbonate and products containing white lead carbonate to other pigments or paints for Residential Use.

**Objections to Request for Production No. 21**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 21 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 21 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 21 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 21 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "performance" or "properties."

**Request for Production No. 22**:

Documents discussing or addressing potential or actual lead-related occupational risks, hazards or injuries to workers in Eagle-Picher factories, to painters, or to other persons using or exposed to its lead products, including occupants in housing.

**Objections to Request for Production No. 22**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 22 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 22 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 22 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 22 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "occupational risks, hazards or injuries" or "Eagle-Picher factories."

**Request for Production No. 23**:

Documents discussing or addressing the advantages or disadvantages of plaints with or without white lead carbonate pigment.

**Objections to Request for Production No. 23**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 23 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 23 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 23 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 23 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "advantages" or "disadvantages."

**Request for Production No. 24**:

Documents discussing or addressing toxicity or health risks of lead or childhood lead exposure, including without limitation any articles, studies, analyses written or published by Eagle-Picher employees addressing these topics.

**Objections to Request for Production No. 24**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 24 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 24 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 24 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 25**:

Documents discussing any conference or meeting attended by any representative of Eagle-Picher where lead toxicity or childhood lead exposure was discussed, including without limitation all materials distributed at such conferences or meeting, and any internal memos discussing such conferences or meetings.

**Objections to Request for Production No. 25**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 25 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 25 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 25 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 26**:

Transcripts of all testimony, including at a deposition, hearing or trial, of any representative of Eagle-Picher in any case or matter involving claims alleging personal injury caused by exposure to lead-containing pigments or lead-containing paints.

**Objections to Request for Production No. 26**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 26 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 26 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 26 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 27**:

All expert reports submitted by or on behalf of Eagle-Picher in any case or matter involving claims alleging personal injury caused by exposure to lead-containing pigments or lead-containing paints.

**Objections to Request for Production No. 27**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 27 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 27 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 27 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 28**:

Transcripts of all testimony, including at deposition, hearing or trial, of any expert witness retained by or on behalf of Eagle-Picher in any case or matter involving claims alleging personal injury caused by exposure to lead-containing pigments or lead-containing paints.

**Objections to Request for Production No. 28**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 28 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 28 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 28 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 29**:

All discovery responses submitted by Eagle-Picher in any case or matter involving claims alleging personal injury caused by exposure to lead-containing pigments or lead-containing paints.

**Objections to Request for Production No. 29**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 29 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 29 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 29 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 30**:

Documents sufficient to describe or reflect Eagle-Picher's business strategies for the sale of Promotion of white lead carbonate pigment or products containing any white lead carbonate pigment for Residential Use in Milwaukee, WI, or in any wider geographic market that includes Milwaukee, WI.

**Objections to Request for Production No. 30**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 30 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 30 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 30 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

The EPI Trust further objects to Request No. 30 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the term "geographic market."

**Request for Production No. 31**:

Organizational charts for any subsidiary, department, or division responsible for the production, Promotion, or sale of white lead carbonate pigments or products containing any white lead carbonate pigment for Residential Use.

**Objections to Request for Production No. 31**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 31 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 31 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 31 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

**Request for Production No. 32**:

Documents reviewed by Eagle-Picher's representative(s) to prepare for the Fed. R. Civ. P. 30(b)(6) deposition in this action.

**Objections to Request for Production No. 32**:

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Request No. 32 because it seeks documents that are not relevant to any claim or defense.

The EPI Trust further objects to Request No. 32 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Request No. 32 to the extent that it seeks documents (i) that are not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably accessible because of undue burden or cost, and (iii) as to which the burden and expense of production outweighs any likely benefit.

# APPENDIX B

## GENERAL OBJECTIONS

1.     The EPI Trust objects to the Deposition Subpoena as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs to the case, and to the extent that Sherwin has failed to take reasonable steps to avoid imposing undue burden or expense on the EPI Trust, in violation of Federal Rule of Civil Procedure 45(d)(1). Any attempt to comply with the Deposition Subpoena requests would require the EPI Trust to have an employee(s) review an unreasonably voluminous quantity of documents and information in order to prepare for the deposition sought.

2.     The EPI Trust objects to the extent that the Deposition Subpoena purports to require testimony regarding information that is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes or limits disclosure of such information.

3.     The EPI Trust objects to the extent that the Deposition Subpoena calls for the disclosure of information concerning trade secrets or proprietary work product of the EPI Trust, including, without limitation, information related to proprietary databases created and maintained by the EPI Trust.

4.     The EPI Trust objects to the extent that the Deposition Subpoena calls for testimony regarding proprietary or other information that does not belong to the EPI Trust, including to the extent that it seeks to compel the EPI Trust to testify regarding information that is confidential and/or the property of the EPI Trust's claimants and beneficiaries.

5.     The EPI Trust objects to testifying regarding the matters identified in the Deposition Subpoena in the absence of a suitable confidentiality agreement.

6.     The EPI Trust objects to appearing pursuant to the Deposition Subpoena in the absence of Sherwin's prior written commitment to pay for all reasonable costs of appearance and production, including, without limitation, professional fees.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The EPI Trust specifically objects to the Definitions in the Deposition Subpoena as follows:

1.     The EPI Trust objects to the Deposition Subpoena definitions and instructions to the extent that they (i) render the Deposition Subpoena's information requests overly broad or unduly burdensome, and (ii) purport to impose obligations or requirements on the EPI Trust beyond those set forth in the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Southern District of Ohio, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Southern District of Ohio, or other applicable law.

2.     The EPI Trust objects to the Deposition Subpoena's definitions of "Eagle-Picher," "Eagle White Lead," "Picher Lead," and "Hammer Brothers" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case. Among other

things, the Deposition Subpoena improperly defines these terms to include all "employees …
past and present" of each entity.

3.      The EPI Trust objects to the Deposition Subpoena's definitions of "Residential
Use" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs
of the case.  Among other things, the Deposition Subpoena defines the term "Residential Use" to
include "products that were or could have been used on any building to house people."

4.      The EPI Trust objects to the Deposition Subpoena's definition of "Documents" to
the extent that any responsive information, if it exists, belongs to the EPI Trust's claimants and
beneficiaries.

5.      The EPI Trust objects to the Deposition Subpoena's definition of "Promotion,"
"Promoted," Promoting," and "Promotional" as overly broad, unduly burdensome, vague,
ambiguous, and not proportional to the needs of the case.

6.      The EPI Trust objects to the Deposition Subpoena's definition of the time period
encompassed by the requests, January 1, 1867 through December 31, 1978, because it renders
the Deposition Subpoena's testimony requests overly broad or unduly burdensome, and not
proportional to the needs of the case.

7.      The EPI Trust objects to the extent that the Deposition Subpoena's definitions and
instructions improperly attempt to expand, alter, or modify the scope of permissible discovery
under the Federal Rules of Civil Procedure, the local rules of the United States District Court for
the Southern District of Ohio, and the local rules of the United States Bankruptcy Court for the
Southern District of Ohio.

### SPECIFIC OBJECTIONS TO MATTERS FOR EXAMINATION

The EPI Trust objects to each of the Document Subpoena's individual requests for
production as follows:

### Matter for Examination No. 1

The terms of the merger with Eagle White Lead and Picher Lead, including without
limitation any terms related to resulting entity's use, manufacture or sale of white lead carbonate
pigment or products containing white lead carbonate.

### Objections to Matter for Examination No. 1

The EPI Trust incorporates its General Objections, Objections to Definitions, and
Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 1 because it seeks information that is not
relevant to any claim or defense.

The EPI Trust further objects to Matter No. 1 because its scope is not proportionate to the
needs of the case.

The EPI Trust further objects to Matter No. 1 to the extent that it seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 1 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the term "resulting entity."

### Matter for Examination No. 2

Eagle-Picher's corporate acquisitions of any interests in entities that manufactured, sold, or Promoted white lead carbonate pigments or products containing white lead carbonate pigments.

### Objections to Matter for Examination No. 2

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 2 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 2 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 2 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

### Matter for Examination No. 3

Identification of products for Residential Use manufactured, sold, or Promoted by Eagle-Picher that contained white lead carbonate pigments and dates of manufacture, sale and Promotion of such products, including without limitation products branded as "Eagle White Lead."

### Objections to Matter for Examination No. 3

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 3 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 3 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 3 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

### Matter for Examination No. 4

Differences among the white lead carbonate pigments products produced or used by Eagle-Picher in products for Residential Use, including without limitation differences in chemical composition and properties.

### Objections to Matter for Examination No. 4

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 4 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 4 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 4 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

### Matter for Examination No. 5

Existence of formulas or samples of white lead carbonate pigments or products containing white lead carbonate pigment, whether produced by Eagle-Picher or another company.

### Objections to Matter for Examination No. 5

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 5 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 5 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 5 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources

that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 5 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "formulas" or "samples."

### Matter for Examination No. 6

Eagle-Picher's membership in, participation in, and communications with the National Paint, Varnish and Lacquer Association or the National Paint and Coatings Association (collectively "the NPVLA") at any time before 1978, including without limitation:

(a)     Dates of participation on or in the NPVLA's Board of Directors, any committee or subcommittee of the NPVLA or any public education or Promotional campaign of the NPVLA;

(b)     Identification of Eagle-Picher representatives participating on or in the NPVLA's Board of Directors, any committee or subcommittee of the NPVLA or any public education or Promotional campaign of the NPVLA; and

(c)     Eagle-Picher's monetary contributions to the NPVLA.

### Objections to Matter for Examination No. 6

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 6 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 6 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 6 to the extent that it seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 6 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "membership in", "participation in", "communications with", "public education", or "monetary contributions."

### Matter for Examination No. 7

Eagle-Picher' s membership in, participation in, and communications with the Lead Industries Association, the International Lead Zinc Research Organization, or any other organization of companies making, selling, or Promoting lead products and any campaigns,

committees or subcommittees thereof, including without limitation dues or contributions paid by Eagle-Picher to such organizations.

### Objections to Matter for Examination No. 7

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 7 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 7 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 7 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 7 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Deposition Subpoena does not define the terms "membership in", "participation in", "communications with", "organization of companies", or "dues or contributions."

### Matter for Examination No. 8

Eagle-Picher's participation in and involvement with Wisconsin and Milwaukee WI painter associations, including without limitation the Wisconsin State Association of Master House Painters and Decorators and the Milwaukee Paint, Oil and Varnish Club.

### Objections to Matter for Examination No. 8

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 8 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 8 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 8 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 8 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Deposition Subpoena does not define the terms "participation in" or "involvement with."

**Matter for Examination No. 9**

Eagle-Picher's dealers, retailers, wholesalers, stores, warehouses, offices, manufacturing facilities or other presence or activities in Wisconsin and Milwaukee, WI, including marketing, sales, Promotion, distribution and use of:

(a)     white lead carbonate pigments; and

(b)     products containing white lead carbonate pigments.

**Objections to Matter for Examination No. 9**

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 9 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 9 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 9 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 9 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "dealers," "retailers," "stores," "warehouses," "offices," "other presence" or "activities."

**Matter for Examination No. 10**

Eagle-Picher's Promotion through any means or media, nationally and in Milwaukee, WI, of white lead carbonate pigments or products containing white lead carbonate pigments for Residential Use.

**Objections to Matter for Examination No. 10**

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 10 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 10 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 10 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 10 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the term "means."

**Matter for Examination No. 11**

Any analysis of the effectiveness of the Promotion described in the preceding paragraph.

**Objections to Matter for Examination No. 11**

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 11 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 11 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 11 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

**Matter for Examination No. 12**

The Residential Use in Milwaukee, WI of white lead carbonate pigments and products containing white lead carbonate pigments produced by Eagle-Picher.

**Objections to Matter for Examination No. 12**

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 12 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 12 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 12 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

### Matter for Examination No. 13

Eagle-Picher's share of the national, Wisconsin, and Milwaukee, WI markets for white lead carbonate pigments and products containing white lead carbonate pigments.

### Objections to Matter for Examination No. 13

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 13 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 13 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 13 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 13 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the term "markets for white lead carbonate pigments and products containing white lead carbonate pigments."

### Matter for Examination No. 14

The quantity or volume and dollar value of Eagle-Picher's sales of white lead carbonate pigments produced by it to any paint manufacturer that sold or Promoted paint for Residential Use in Milwaukee, WI that contained any white lead carbonate pigment.

### Objections to Matter for Examination No. 14

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 14 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 14 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 14 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 14 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the term "quantity."

**Matter for Examination No. 15**

Eagle-Picher's knowledge of lead-related health risks, including without limitation risks to workers in Eagle-Picher factories, to painters, or to other persons using or exposed to its lead or lead-containing products, including occupants in housing.

**Objections to Matter for Examination No. 15**

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 15 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 15 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 15 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 13 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the term "knowledge."

**Matter for Examination No. 16**

All warnings given or considered for use by Eagle-Picher for white lead carbonate pigments or products containing white lead carbonate pigments.

**Objections to Matter for Examination No. 16**

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 16 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 16 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 16 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 16 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "given" or "considered for use."

**Matter for Examination No. 17**

Communications, including advertising, Promotional, and educational materials, regarding the need to repaint or maintain surfaces painted with products containing white lead carbonate pigments.

**Objections to Matter for Examination No. 17**

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 17 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 17 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 17 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 17 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the term "educational materials."

**Matter for Examination No. 18**

Communications regarding washability, durability, and sanitary qualities of white lead carbonate pigments and products containing white lead carbonate pigments for Residential Use.

**Objections to Matter for Examination No. 18**

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 18 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 18 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 18 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

### Matter for Examination No. 19

Research or testing regarding the performance, properties, or safety of white lead carbonate pigments and products containing white lead carbonate pigments for Residential Use, including without limitation any such research or testing comparing the performance, properties, or safety of white lead carbonate pigments and products containing white lead carbonate pigments to other pigments or paints for Residential Use.

### Objections to Matter for Examination No. 19

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 19 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 19 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 19 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

The EPI Trust further objects to Matter No. 19 as vague and ambiguous, in particular, the EPI Trust objects to the fact that the Subpoena does not define the terms "performance" or "properties."

### Matter for Examination No. 20

Eagle-Picher's search for documents responsive to the subpoena *duces tecum* ("Subpoena") accompanying the Notice of Rule 30(b)(6) Deposition of Eagle-Picher Industries, Inc.

### Objections to Matter for Examination No. 20

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 20 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 20 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 20 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.

**Matter for Examination No. 21**

The authenticity of all documents produced by Eagle-Picher in response to the Subpoena.

**Objections to Matter for Examination No. 21**

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 21 because it seeks information that is not relevant to any claim or defense.

**Matter for Examination No. 22**

Eagle-Picher's preparation for its Rule 30(b)(6) deposition in this case.

**Objections to Matter for Examination No. 22**

The EPI Trust incorporates its General Objections, Objections to Definitions, and Objections to Instructions as set forth herein.

The EPI Trust further objects to Matter No. 22 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 22 because it seeks information that is not relevant to any claim or defense.

The EPI Trust further objects to Matter No. 22 because its scope is not proportionate to the needs of the case.

The EPI Trust further objects to Matter No. 22 to the extent that it the seeks testimony about information that is not known or reasonably available to the EPI Trust in that it seeks information (i) that is not within the EPI Trust's possession, custody or control, (ii) from sources that are not reasonably available because of undue burden, cost, or the passage of time, and (iii) as to which the burden and expense of acquiring the information outweighs any likely benefit.